GLOVKA *v.* FORTUN.

(Decided February 6, 1928.)

Mr. *C. V. Hull,* for plaintiff in error.
Mr. *Harry F. Glick,* for defendant in error.

VICKERY, J. This action comes into this court on a petition in error to the common pleas court of Cuyahoga county. In the court below, the plaintiff, Anna Fortun, recovered a judgment against Julia Glovka, in the sum of $1,000, in an action for malpractice.

It seems from the record that the defendant held herself out as a physician, had an office equipped like that of a physician, and had, I think, her name as a physician on the door. The plaintiff being afflicted with a tumor, had been told that this woman was a physician and that she could cure her, and so plaintiff presented herself at this so-called doctor's office, became a patient, and submitted to a diagnosis and treatment. This so-called physician—the words are used advisedly, because it appears by the record, although she studiously kept away from court, that she was finally brought in and admitted that she did not have a license to practice medicine in Ohio, but I believe it is now claimed in argument that she did have a license in some foreign country; but the probabilities are that she had no license anywhere, was a mere midwife, and was engaged, perhaps, in a practice that is not recognized in Ohio—in any event, this so-called physician diagnosed the plaintiff's condition as that of pregnancy and resorted to the use of tools to produce an abortion, and the injuries were occasioned to the plaintiff by this false diagnosis and wrongful use of the instruments.

Of course, if the record would show that plaintiff went to this midwife or doctor, or whatever she might be, for the purpose of having an abortion produced, she would be a party to the wrong, and would be estopped from claiming damages; but the record shows the opposite of this.

Now it is claimed that the court erred in his charge to the jury. It seems that there was something said in the charge about this woman holding herself out as a physician when she was not; but, whatever might have been the notion of the court upon that

subject, if she undertook as a midwife, as a doctor, or in any way, to diagnose this woman's case, if she was negligent, and diagnosed it wrong, and used a wrong method of treatment, she would be liable. The record in this case shows that she diagnosed the case wrong. It cannot be possible that physicians, who are skillful in their profession, could not tell the difference between a state of pregnancy and a tumor. Failing to diagnose properly such a case would be negligence, and treating this case as pregnancy, when as a matter of fact it was a tumor, and using methods of procuring an abortion, would constitute negligence for which an action in malpractice would lie. If, of course, there was a state of pregnancy here, and the plaintiff below knew it, she would not be entitled to recover. If plaintiff went to the defendant for the purpose of having the defendant cause a miscarriage, she would not be entitled to recover, and in that event the defendant would be guilty of a crime under the laws of the state of Ohio; but that is not the state of the record.

We think this record shows beyond any question that this woman, holding herself out as a physician, did not use the ordinary skill of a physician, and that the injuries resulted from a wrong diagnosis and a wrong and unskillful treatment of this case, and there is nothing in the record to show error which would warrant a reversal of this judgment.

The judgment will therefore be affirmed.

*Judgment affirmed.*

SULLIVAN, P. J., and LEVINE, J., concur.